IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOROMI RADEL WASHINGTON,

    Petitioner,

v.

DERRAL G. ADAMS, Warden,

    Respondent.
                                /

No. C 06-4802 WHA (PR)

**ORDER TO SHOW CAUSE**

    This is a habeas case filed pro se by a state prisoner. Petitions in the case have twice been dismissed because petitioner did not clearly set out his claims. Petitioner has now filed a second amended petition in response to the latest dismissal with leave to amend.

### STATEMENT

    Petitioner pleaded nolo contendere to a charge of committing a lewd and lascivious act on a child under the age of fourteen, *see* Cal. Penal Code § 288(a), and admitted that he had suffered a prior conviction for a "strike" offense, *see* Cal. Penal Code § 667(b)-(i), 1170.12, and a prior serious felony conviction, *see* Cal. Penal Code § 667(a). He was sentenced to prison for an agreed term of seventeen years. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner has also filed state habeas petitions.

///

///

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) he received ineffective assistance of defense counsel; (2) the prosecution engaged in misconduct; and (3) his appellate counsel was ineffective.

As to issue one, he contends that counsel failed to contact witnesses he had suggested could offer an alibi, did not investigate the medical and psychological evaluation of the victim, and did not prepare for trial, for instance by interviewing expert witnesses. This is sufficient to proceed. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (discussing claims of ineffective assistance for failure to investigate pre-plea; prejudice turns on whether proper investigation would have resulted in different advice re plea).

Petitioner's second issue is that his due process rights were violated by prosecutorial misconduct. First, petitioner says that the prosecutor conferred with defense counsel and the

2

1 judge in chambers. This is not misconduct. He then asserts that although defense counsel knew
2 he was taking anti-depressants, he was given only ten or fifteen minutes to decide whether to
3 take the offered deal. He does not say who gave him the allegedly-inadequate time, and does
4 not link the prosecutor to this, so this could not constitute prosecutorial misconduct. He also
5 contends that the prosecutor committed misconduct at the preliminary hearing, but a defendant
6 who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to
7 the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v.*
8 *Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea
9 constitutional deprivations). The plea also waived any claim that the prosecution failed to turn
10 over exculpatory evidence. *See United States v. Ruiz*, 536 U.S. 622, 631-32 (U.S. 2002).
11 Finally, petitioner's contention that the prosecutor violated "Fed. Rules Evid. Rule 404(A) 28
12 U.S.C.A." by maliciously prosecuting him is not grounds for habeas relief, as the federal rules
13 of evidence apply only in federal court. Petitioner has failed to state a basis for habeas relief in
14 this claim, and because he has been afforded two previous amendments, this claim will be
15 dismissed without further leave to amend.

16 In his third claim petitioner claims his appellate counsel was ineffective in filing a
17 *Wende*[1] brief. This claim is sufficient to proceed.

## CONCLUSION

19    1. Claim two is **DISMISSED**.
20    2. The clerk shall mail a copy of this order and the petition with all attachments to the
21 respondent and the respondent's attorney, the Attorney General of the State of California. The

---

[1] *People v. Wende*, 25 Cal. 3d 436 (1979). Under it, counsel, upon concluding that an appeal would be frivolous, files a brief with the appellate court that summarizes the procedural and factual history of the case. *Smith v. Robbins*, 528 U.S. 259, 265 (2000) (summarizing *Wende* procedure). Counsel does not explicitly state that an appeal would be frivolous, though that is implicit. *Id.* Counsel must attest that he or she has: reviewed the record, explained counsel's evaluation of the case to the client, provided the client with a copy of the brief, and informed the client of the client's right to file a pro se supplemental brief. *Id.* Counsel further asks that the appellate court independently examine the record for arguable issues. *Id.* The appellate court, upon receiving a "*Wende* brief," conducts a review of the entire record and affirms if it finds the appeal to be frivolous. *Id.* at 265-66. If, however, it finds an arguable (i.e., nonfrivolous) issue, it orders briefing on that issue. *Id.* at 266.

3

clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April  4 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\WASHINGTON802.OSC3.wpd

4