IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOROMI RADEL WASHINGTON,<br><br>    Petitioner,<br><br>  v.<br><br>DERRAL G. ADAMS, Warden,<br><br>    Respondent. | No. C 06-4802 WHA (PR)<br><br>**DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. 2254. As grounds for habeas relief petitioner alleges that he received ineffective assistance of both trial and appellate counsel. For the reasons set forth below the petition is **DENIED**.

## STATEMENT

Petitioner sexually propositioned and touched a six-year-old girl. In 2005, facing four charges arising from this conduct, petitioner, pursuant to a plea agreement, pleaded no contest to one count of committing a lewd act on a child, Cal. Pen. Code 288(a), and admitted that he had suffered a prior serious felony conviction, Cal. Pen. Code 667(a), (b)-(i), 1170.12. The Santa Clara Superior Court sentenced petitioner to seventeen years in prison. The superior court denied petitioner's request for a certificate of appealability (Ans., Exh. 5 at 1).

Petitioner appealed. In 2006, the California Court of Appeal for the Sixth Appellate District affirmed the judgment, declaring that because he failed to receive a certificate of

appealability his claims could not be addressed on appeal. Also, the state appellate court concluded that petitioner's appellate record contained no explanation for trial counsel's acts (*id.* at 2).

Petitioner filed the instant federal habeas petition in 2006, which was dismissed with leave to amend. Petitioner filed a first and then a second amended petition. Respondent was ordered to show cause why the second amended petition should not be granted.[1] Respondent has filed an answer and petitioner a traverse.[2]

## ANALYSIS

**A.    STANDARD OF REVIEW**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).

The first prong applies both to questions of law and to mixed questions of law and fact. *Williams v. Taylor*, 529 U.S. 362, 407–09 (2001). The second prong applies to decisions based on factual determinations. *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of Section 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. A state court decision is an "unreasonable application of"

---

1. Petitioner's claim of prosecutorial misconduct was dismissed from the second amended complaint.

2. Respondent contends that petitioner failed to exhaust his claims in state court. Because the Court will dismiss the claims on other grounds, it need not consider whether the claims were properly exhausted.

2

1  Supreme Court authority, and thus falls under the second clause of Section 2254(d)(1), if it
2  correctly identifies the governing legal principle from the Supreme Court's decisions but
3  "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  A federal
4  court on habeas review may not issue a writ "simply because that court concludes in its
5  independent judgment that the relevant state-court decision applied clearly established federal
6  law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively
7  unreasonable" to support granting the writ.  *Id.* at 409.

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeal, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546–47 (1981).  A petitioner must present clear and convincing evidence to overcome Section 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Ibid.*

Under Section 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340.

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion, in this case that of the California Court of Appeal.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801–06 (1991).

**B.    CLAIMS**

As grounds for federal habeas relief, petitioner asserts that he received ineffective assistance from both his trial and his appellate counsel.[3]

**1.    INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

Petitioner contends that trial counsel rendered ineffective assistance because he failed to contact alibi witnesses, investigate the victim's medical and psychological history, prepare for

---

3. Petitioner also alleges that he received constitutionally inadequate medical care while at Corcoran State Prison (Pet. at 13).  This claim was not included in the order to show cause and therefore will not be addressed in this order.  If petitioner wishes to seek relief for this civil rights claim, he must file a separate action.

3

trial, procure an expert witness, and inform him of the possibility of civil detention after the completion of his criminal sentence (Second Am. Pet. ("Pet.") at 7-8). Petitioner further contends that trial counsel "decieved/coerced" him into entering a plea rather than go to trial (*id.* at 8).

Where, as here, the petitioner is challenging his no contest plea,[4] the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985)). "Where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 59. If, however, the petitioner cannot establish incompetence under the first prong of the test, it is unnecessary for the court to address the prejudice prong. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

Petitioner's claims are without merit because he has not given sufficient information to indicate that trial counsel's alleged failures resulted in constitutionally inadequate advice. For example, petitioner contends that his alibi witnesses could attest to having lunch with him on July 7, 2004, and were in his company from 2pm that day (Pet. at 7). However, because it is unclear exactly when the chargeable offenses occurred, the alibi evidence for that one date would have been insufficient to provide a good defense at trial. Santa Clara police officers arrested petitioner on July 11, 2004, the day the victim reported to them that "on an unknown prior day within the week" petitioner had committed the acts later charged in the information (Ans., Exh. 1 at 133). The information itself alleges that petitioner committed these offenses

---

4. Under California law, a plea of nolo contendere in a felony case is equivalent to a plea of guilty for all purposes. *See* Cal. Pen. Code 1016.

4

"on or about and between" July 1, 2003 and July 11, 2004 (Ans., Exh. 1 at 116-17). Based on this record, trial counsel's alleged failure to investigate witnesses who were with petitioner on July 7, 2004 does not show that his performance was deficient. Nor has petitioner shown prejudice based on this same record. If it had been presented at trial, petitioner's witnesses' testimony would have provided alibi evidence as to one day, not as to the many other days on which the crimes may have been committed. Because this alibi evidence would have been too slender to provide a defense, petitioner has not shown prejudice, that is, that he would have proceeded to trial rather than plead. Because petitioner has not presented a colorable claim, the instant action is unlike *Parker v. Woodford*, 168 Fed. Appx. 152 (9th Cir. 2006), in which petitioner Parker had stated a colorable claim by showing that trial counsel's failure to investigate an alibi defense was deficient and that his deficient performance resulted in prejudice.

Petitioner's other claims – regarding trial counsel's alleged failure to investigate the victim's history and procure an expert witness – are conclusory and he fails to provide sufficient facts. For example, petitioner does not state what the expert witness would have testified to, nor what about the victim's history would have aided his defense.

Petitioner also contends that trial counsel failed to inform him that the state could civilly detain him after the completion of his criminal sentence, thereby failing to inform him of the direct consequences of his plea (Pet. at 8).

Petitioner's claim is without merit. Only "gross mischaracterization of the likely outcome of the plea, combined with erroneous advice on the possible effects of going to trial, falls below the level of competence required for a defense attorney." *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988) (citing *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir.1986)). In the instant case, civil detention of petitioner is not a likely outcome of the plea; at most, it is a possibility. Indeed, at the time, the question of civil detention would not arise for at least seventeen years, a rather long time from when petitioner entered his plea. Because this issue was greatly distant from the events consequent to the plea, it was impossible for trial counsel to properly assess whether the state would civilly detain petitioner, or even if he met the criteria.

5

Accordingly, trial counsel's alleged omission of this possibility does not, on the facts presented, fall below the level of competence required for a defense attorney.

As to all these claims, petitioner also has failed to show prejudice, that is, he has failed to demonstrate that but for trial counsel's actions, he would have proceeded to trial. The information charged petitioner with one count of committing a lewd or lascivious act a child under fourteen, Cal. Pen. Code 288(a), and three counts of annoying or molesting a child under the age of eighteen, *id.* 647.7(c)(2), (Ans., Exh. 1). If petitioner had been tried and convicted on all charges, he would have faced thirty-five years in prison, rather than the seventeen years – less than half the possible number – he now faces. A defendant generally cannot establish prejudice if he received significant benefits from his plea agreement. Counsel may commit serious errors, but as long as counsel succeeds in substantially reducing the sentence defendant would have likely received had he gone to trial, there is no prejudice. *See United States v. Baramdyka*, 95 F.3d 840, 845-47 (9th Cir. 1996). Furthermore, with the exception of the alibi witnesses, petitioner has not pointed to the existence of exculpatory or impeachment evidence or any defenses that would have been available to him that trial counsel ignored or failed to investigate. In short, he has not shown that he would have chosen trial over pleading no contest.

Petitioner also contends that trial counsel deceived or coerced him into entering a plea. In support of this, petitioner alleges that he was allowed only a ten to fifteen minute window in which to decide whether to plead, that he was told to "take this deal or risk 38 to life," and that he was "under the influence of 'a very potent' anti-depressant mixture" [of Paxil and Trazodone] at the time (Pet. at 9 & Exhs. A & B).

Petitioner's claim is without merit because he has not shown that these factors rendered trial counsel's advice constitutionally inadequate. Urging a criminal defendant to take a plea or face the possibility of a lengthy sentence indicates that trial counsel competently discharged his duty to inform his client of the consequences of pleading or failing to plead. As to the short time he allegedly had to make the decision, petitioner does not state that trial counsel imposed

6

that time limitation.  Without such an assignment of responsibility for the time limit, petitioner has not shown that trial counsel's performance was coercive or deceptive in this respect.

As to the question of being under the influence of drugs, petitioner at the plea hearing stated that he was entering his plea knowingly, voluntarily, and intelligently.  In fact, petitioner answered in the negative when the trial court asked him whether he had consumed any drugs, alcohol, or medication in the last twenty-four hours which would impair his judgment (Ans., Exh. 2, Vol. 1 at 6).  Such solemn representations at petitioner's plea hearing "carry a strong presumption of verity" and are "a formidable barrier."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).  Petitioner has not overcome this presumption of verity.  The record indicates that petitioner understood the proceedings and the consequences of his pleading.  If he felt unsure of his plea, the opportunity to voice this was at the plea hearing.  Accordingly, petitioner's claims of inadequate assistance are **DENIED**.

  **2.**  **INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

Petitioner contends that appellate counsel rendered ineffective assistance when he filed a "no-merit" brief pursuant to *People v. Wende*, 25 Cal. 3d 436 (Cal. 1979), (Pet. at 10).

In California, when appellate counsel concludes that an appeal would be frivolous, he files a brief under *Wende*.  In this brief, appellate counsel summarizes the procedural and factual history of the case, attests that he has reviewed the record, explains his evaluation of the case to his client, provides the client with a copy of the brief, and informs the client of his right to file a pro se supplemental brief.  He further requests that the appellate court independently examine the record for arguable issues.  The appellate court, upon receiving a such a brief, conducts a review of the entire record and affirms if it finds the appeal to be frivolous.  If, however, it finds an arguable (i.e., non-frivolous) issue, it orders briefing on that issue.  *See Smith v. Robbins*, 528 U.S. 259, 265 (2000) (citing *Wende*, 25 Cal. 3d at 441-42).

In these *Wende* cases, appellate counsel is ineffective if he or she unreasonably fails to discover nonfrivolous issues and does not file a merits brief raising them.  *See Delgado v. Lewis*, 223 F.3d 976, 980-81 (9th Cir. 2000).  The proper standard for reviewing such a claim is

that enunciated in *Strickland v. Washington*, 466 U.S. 688 (1984). *See Smith*, 528 U.S. at 285. The prisoner must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal – that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. *See id.* If he succeeds in that showing, he then must demonstrate prejudice – that is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. *See id*.

Under this standard, petitioner's claim is without merit. Petitioner fails to identify any issue that appellate counsel reasonably should have raised in his brief and therefore petitioner has not shown that appellate counsel was objectively unreasonable in finding no non-frivolous issues. In fact, petitioner has not identified any issues at all. Without more, the Court cannot assess the merits of petitioner's claim or evaluate appellate counsel's performance. Because petitioner has not shown that appellate counsel's performance was deficient, it is unnecessary to determine whether petitioner suffered any prejudice. Accordingly, petitioner's claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. Petitioner's motion to expedite the proceedings (Docket No. 54) is **DENIED AS MOOT**. The clerk shall enter judgment, terminate all pending motions, and close the file.

**IT IS SO ORDERED.**

Dated: October__, 2008



_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE